UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES M. VARDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 11 1565 |
| | ) |
| THE FEDERAL RESERVE SYSTEM, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint.

Plaintiff alleges that the Federal Reserve Bank's purported policies of maximum employment, stable prices and moderate long-term interest rates have failed, and have resulted in financial losses to plaintiff. *See* Compl. at 1-2. His claim fails because he does not have standing to pursue them.

"So-called 'Article III standing' has three requirements: (1) the plaintiff has suffered 'an injury in fact,' (2) that injury bears a causal connection to the defendant's challenged conduct, and (3) a favorable judicial decision will likely provide the plaintiff with redress from that injury." *Hollander v. McCain*, 566 F. Supp. 2d 63, 67 (D.N.H. 2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large –

1

does not state an Article III case or controversy." *Lujan v. Defenders of Wildlife*, 504 U.S. at 573-74. "[S]tanding to sue may not be predicated upon an interest . . . which is held in common by all members of the public, because of the necessarily abstract nature of the injury all citizens share." *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 220 (1974). Here, plaintiff cannot show that his injuries "spring from an 'injury in fact' – an invasion of a legally protected interest that is 'concrete and particularized,' 'actual or imminent,' and 'fairly traceable' to the challenged act of the defendant[s]." *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. at 560); *see Beckman v. Battin*, 926 F. Supp. 971, 978 (D. Mont. 1995) ("Plaintiffs['] general assertion that they suffered an increase in taxes as a result of the purchase of government bonds by the Federal Reserve, is an interest held generally by the public, and as such, is insufficient to establish the personal injury requirement."), *aff'd*, 83 F.3d 426 (9th Cir. 1996) (table); *Hyland v. Obama*, No. 09-0079, 2009 WL 112855 (D.D.C. Jan 14, 2009) (finding that plaintiff who challenged use of public funds to "bail out" Wall Street firms lacked standing), *aff'd*, 373 Fed. App'x 83 (D.C. Cir. 2010).

An Order consistent with this Memorandum Opinion will be issued separately on this same date.

DATE: 8/25/2011

*/s/ Robert L. Wilkins*
United States District Judge